UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCUS ISIAH PRYOR, ) | CASE NO. 5:15CV932 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| MICHELLE MILLER, Warden, ) | |
| ) | REPORT AND RECOMMENDATION |
| Respondent. ) | OF MAGISTRATE JUDGE |
| ) | |

This matter is before the undersigned on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Marcus Isiah Pryor ("Petitioner"). Petitioner filed his habeas petition on May 5, 2015.[1] ECF Dkt. #1. Respondent Michelle Miller ("Respondent") filed a return of writ on September 4, 2015. ECF Dkt. #7. Petitioner did not file a traverse to Respondent's return of writ. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

**I.    PROCEDURAL HISTORY**

  **A.    State Trial Court**

On September 17, 2012, a Stark County Grand Jury indicted Petitioner on: one count of aggravated burglary with a firearm specification; one count of kidnapping with a firearm specification; one count of rape with a firearm specification; one count of domestic violence; and one count of intimidation of a victim in a criminal case. ECF Dkt. #7-1 at 3-5. Prior to trial, Petitioner pleaded guilty to the domestic violence and intimidation charges. *Id.* at 9. During his trial, Petitioner moved for a mistrial based on testimony regarding prior bad acts. ECF Dkt. #7-2 at 289-91. Petitioner's motion for a mistrial was denied. *Id.* Following his trial, Petitioner was

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

found guilty of aggravated burglary, kidnapping, and rape, but not the firearm specification attached to each count. ECF Dkt. #7-1 at 14-19. Petitioner was ordered to serve an aggregate sentence of twelve years. *Id.* at 20-25.

### B. Direct Appeal

Petitioner, through different counsel, timely appealed his conviction and sentence to the Fifth District Court of Appeals, Stark County, Ohio. ECF Dkt. #7-1 at 26. In his brief, Petitioner set forth the following assignments of error:

1. [Petitioner's] convictions for aggravated burglary, kidnapping and rape are against the sufficiency and manifest weight of the evidence.

2. The trial court abused its discretion in permitting the introduction of jail house tape recorded telephone conversations.

3. The trial court abused its discretion in admitting the 911 recording.

4. The cumulative errors committed during the trial deprived [Petitioner] of a fair trial and require a reversal of [Petitioner's] conviction and sentence.

5. The trial court erred in failing to grant [Petitioner's] motion for a mistrial. [sic]

*Id.* at 27-59. On December 16, 2013, the Fifth District Court of Appeals affirmed the judgment of the trial court. *Id.* at 85-101.

Petitioner filed an appeal to the Supreme Court of Ohio on January 30, 2014. ECF Dkt. #7-1 at 102. In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of law:

1. Art. I § 10 note 34 Due Process; Fair Trial; Equal Protection

2. Art. I § 10 note 35 Evidence [sic]

*Id.* at 104-29. On May 14, 2014, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal. *Id.* at 147.

### II. FEDERAL HABEAS CORPUS PETITION

Petitioner, acting *pro se*, filed a § 2254 federal habeas corpus petition on May 5, 2015. ECF Dkt. #1. In his habeas petition, Petitioner asserts the following grounds for relief:

1. [Petitioner's] convictions for aggravated burglary, kidnapping, and rape are against the sufficiency and manifest weight of the evidence.

-2-

> 2.  The trial court abused its discretion in permitting the introduction of jailhouse tape recorded telephone conversations.
>
> 3.  The trial court abused its discretion in admitting the 911 recording.
>
> 4.  The cumulative errors committed during the trial deprived [Petitioner] of a fair trial and require a reversal of [Petitioner's] conviction and sentence.
>
> 5.  The trial court erred in failing to grant [Petitioner's] motion for a mistrial. [sic]

ECF Dkt. # 1. Respondent filed a return of writ on September 4, 2015. ECF Dkt. #7. Subsequently, Petitioner sought, and was granted, thirteen extensions of time to file his traverse to Respondent's return of writ. ECF Dkt. #8, #9, #10, #11, #12, #13, #14, #15, #16, #17, #18, #19, #20. On August 11, 2017, Petitioner filed a fourteenth motion for an extension of time to file his traverse, seeking leave until October 15, 2017, to file the traverse. ECF Dkt. #21. The undersigned granted the requested extension in part, ordering Petitioner to file his traverse by September 15, 2017. ECF Dkt. #22. As of the date of this Report and Recommendation, over one month after the final deadline for Petitioner to file his traverse, no traverse has been filed.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). Respondent does not challenge the timeliness of Petitioner's habeas petition.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no

-3-

remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031–32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the

burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729–30;

*Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises).  Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman,* 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims:
> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

### IV.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112 (1998).  Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*.  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell*, 271 F.3d 652, 655–56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.  Decisions of lower federal courts may not be considered.

B.  Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.  The state court decision may be overturned only if:

        1.      It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

        2.      The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

        3.      'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

        4.      The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

    D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

    E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

    (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996),

-8-

*cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V.    ANALYSIS

Respondent asserts that Petitioner's: (A) fourth and fifth grounds for relief are procedurally defaulted; (B) second, third, fourth, and fifth grounds for relief are not cognizable; and (C) first ground for relief is without merit.  Each argument will be addressed in turn.

### A.    Procedural Default

Respondent first asserts that Petitioner's fourth and fifth grounds for relief are procedurally defaulted because they were never presented for one complete round of state appellate review.  ECF Dkt. #7 at 7.  A review of the grounds for relief raised by Petitioner before the Supreme Court of Ohio support Respondent's assertion that Petitioner did not present his claims regarding cumulative error (ground four) or mistrial (ground five) for one complete round of state court review.  *See* ECF Dkt. #7-1 at 104-29.  In his memorandum in support of jurisdiction submitted with his appeal to the Supreme Court of Ohio, Petitioner makes no mention of cumulative error or mistrial.  *See id.*  Even recognizing the latitude afforded to *pro se* habeas petitioners, it would require a strained reading of his pleadings to find that Petitioner raised these grounds for relief before the Supreme Court of Ohio.  Further, Petitioner has made no attempt at this stage of the case to explain how he intended to raise these grounds for relief before the Supreme Court of Ohio.  Accordingly, Petitioner's fourth and fifth grounds for relief are subject to procedural default.

### B.    Cognizability

Respondent asserts that Petitioner's fourth ground for relief is not cognizable in federal habeas corpus.  ECF Dkt. #7 at 10-11.  The Sixth Circuit has held that cumulative error claims are not cognizable on habeas review.  *Hoffner v.* Bradshaw, 622 F.3d 487, 513 (6th Cir. 2010); *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006); *Moore v. Parker,* 425 F.3d 250, 256 (6th

-9-

Cir. 2005).  Accordingly, Petitioner's fourth ground for relief is not cognizable in federal habeas corpus.

Respondent also asserts that Petitioner's second, third, and fifth grounds for relief are not cognizable in federal habeas corpus because they pertain to state court trial rulings on evidence and trial procedure.  ECF Dkt. #7 at 11-18.  "[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir.), *cert denied*, 464 U.S. 962 (1983).  However, "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief."  *Id.*  Courts have defined the category of infractions that violate fundamental fairness very narrowly and state-court evidentiary rulings generally cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of the people as to be ranked as fundamental. *Id.* (internal citations omitted).  Accordingly, a violation of state law is not cognizable in federal habeas corpus unless the error amounts to a fundament miscarriage of justice or a violation of the right to due process under the United States Constitution.  *Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir.), *cert. denied*, 525 U.S. 1025 (1998).

Regarding Petitioner's second ground for relief, the admission of his jailhouse calls does not amount to a fundamental miscarriage of justice or a violation of his due process rights.[2] Petitioner's own expression of his consciousness of guilt in oral statements made to the victim over the telephone was probative and material, and Petitioner was free to question the victim at trial if he believed their conversations were not presented in the correct context.  Accordingly, the state court's decision to allow the admission of the jailhouse calls was not a fundamental miscarriage of justice and did not amount to a due process violation, and thus Petitioner's second ground for relief is not cognizable in federal habeas corpus.

Petitioner claims in his third ground for relief that the trial court abused its discretion in

---

[2]The appellate court provided a detailed discussion on the substance of the jailhouse calls.  *State v. Pryor*, Fifth Dist. Stark No. 2013CA00016, 2013-Ohio-5693, at ¶ 28-36.

-10-

admitting the 911 call placed by the victim's neighbor.[3] Nothing in the admission of the recording of the neighbor's 911 call offends a fundamental principle of justice or violated Petitioner's right to due process. Both the victim and the neighbor testified at trial and were subject to cross examination. Further, the victim's statements made to her neighbor during the phone call meet the four-part evidentiary test for excited utterances according to state law, as determined by the Fifth District Court of Appeals. *See Pryor*, 2013-Ohio-5693, at ¶ 38. Petitioner has failed to show how the trial court abused its discretion by admitting the 911 recording. For these reasons, Petitioner's third ground for relief is not cognizable in federal habeas corpus.

In his fifth ground for relief, Petitioner asserts that the trial court erred by failing to grant his motion for a mistrial. ECF Dkt. #1 at 12. Petitioner moved for a mistrial upon a testifying detective's spontaneous statement that he learned Petitioner had a warrant for his arrest when he was looking for Petitioner in connection with the charges underlying the instant habeas case. *Pryor*, 2013-Ohio-5693, at ¶ 46. The trial court immediately instructed the jury to disregard the statement and then overruled Petitioner's motion for a mistrial. *Id.* This one-time statement does not constitute a due process violation. The trial judge promptly addressed the statement and instructed the jury to disregard that aspect of the detective's testimony. Juries are presumed to follow the trial court's instructions. *Richardson v. Marsh*, 482 U.S. 200, 211 (1987). For the reasons state above, Petitioner's fifth ground for relief is not cognizable in federal habeas corpus.

In sum, Petitioner's second, third, fourth, and fifth grounds for relief are not cognizable in federal habeas corpus, and his fourth and fifth grounds for relief are also procedurally defaulted. Accordingly, the only remaining claim to address on the merits is Petitioner's first ground for relief.

### C. Merits

In his first ground for relief, Petitioner asserts that his convictions for aggravated burglary, kidnapping, and rape are against the sufficiency and manifest weight of the evidence.

---

[3] A description of the 911 call placed by the victim's neighbor was provided by the Fifth District Court of Appeals. *Pryor*, 2013-Ohio-5693, at ¶ 37-40.

-11-

The Court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Further, even were the Court to conclude that a rational trier of fact could not have found Petitioner guilty beyond all reasonable doubt, on habeas review the Court must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. *Brown v. Konteh*, 567 F.3d 191 (6th Cir. 2009) (citing 28 U.S.C. § 2254(d)(2)).

The victim testified about finding Petitioner in her home, unwelcome and uninvited, the ensuing angry confrontation and forced sexual intercourse, and a "tussle" in her front yard. *Pryor*, 2013-Ohio-5693, at ¶ 26. Testimony was offered from the victim's neighbor, who placed the 911 call, stating that she discovered the victim banging on her front door and yelling that Petitioner was trying to kill her. *Id.* Further, a nurse corroborated evidence of visible injury to the victim, and sexual contact between the victim and Petitioner was verified by a sexual assault examination and a DNA test. *Id.* Accordingly, it is not the case that a rational trier of fact could not have found Petitioner guilty beyond all reasonable doubt. Additionally, the state appellate court's sufficiency determination was reasonable. *See Pryor*, 2013-Ohio-5693, at ¶ 20-27. For these reasons, Petitioner's first ground for relief is without merit.

## VI.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

DATE: October 26, 2017               */s/ George J. Limbert*
                                      GEORGE J. LIMBERT
                                      UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).